IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELTA PRE-PACK COMPANY,

    Plaintiff,                         CIV. NO. S-09-1620 WBS GGH

    vs.

STEVEN ALBERT GITMED,
dba Stevie Produce,

                                   FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff's motion for entry of default judgment against defendant Steven Albert Gitmed was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

<u>BACKGROUND</u>

        On June 11, 2009, plaintiff filed the underlying complaint in this action against defendant Steven Albert Gitmed, alleging defendant breached a contract to purchase produce by failing to pay for produce delivered to him. The complaint also contains claims for failure to maintain trust and pay trust funds pursuant to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. The summons and complaint were served by

substituted service on June 26, 2009, with follow up service by U.S. mail on defendant Gitmed on June 29, 2009.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this action.  On July 24, 2009, the clerk entered default against defendant Gitmed.

The instant motion for default judgment and supporting papers were served by mail on defendant at his last known address.  Defendant filed no opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $11,800.00 plus prejudgment interest at a rate of 10% per annum on the amount of $11,800.00 at the rate of $3.23 per day from February 9, 2009 through July 31, 2009, in the sum of $555.45, and at the same daily rate from August 1, 2009 to the date of judgment.  Plaintiff also seeks costs in the amount of $395.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

The principal requested sum of $11,800 is supported by the allegations of plaintiff's complaint and by the evidence submitted in support of plaintiff's motion for default judgment.  (See Pl.'s Application for Default J., Lagorio Decl. at ¶ 5, and exhibits.)

The requested amount of interest at a rate of 10% per annum is supported by the evidence.  The court has discretion to determine prejudgment interest in PACA claims.  Middle Mountain Land and Produce, Inc. v. Sound Commodities,Inc., 307 F.3d 1220, 1225-26 (9th Cir.

2002).[1]

Plaintiff has not submitted evidence in support of the requested costs in the amount of $395; however, the proof of service fee was $45, (dkt. #5), and the filing fee was $350, (dkt. entry on June 11, 2009). Therefore, the court will assume that plaintiff intended to present evidence of these amounts, and will take judicial notice of them.[2]

Based on the evidence submitted in connection with the instant motion, the undersigned will recommend that the aforementioned amounts be awarded.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 4, 2009 motion for default judgment be granted on the terms set forth below;

2. Plaintiff be awarded damages in the amount of $11,800.00;

3. Plaintiff be awarded interest at the rate of 10% per annum on the amount of $11,800.00 in the sum of $555.56 for the period from February 9, 2009 through July 31, 2009, and at the rate of $3.23 per day from August 1, 2009 until judgment;

4. Plaintiff be awarded costs of suit in the amount of $395.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[1] In federal question cases, the federal prejudgment interest rate applies. Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1072 (2nd Cir. 1995), *citing* Bank of Los Angeles v. Official PACA Creditors' Committee, 132 B.R. 632, 641 (Bankr. 9th Cir. 1991).

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 09/25/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Delta1620.def.wpd

4